*Fairfield,*
June, 1828.

Williams
*v.*
Cable.

———————

## Beardslee *against* French.

The limits of a highway must be defined with reasonable certainty.

Therefore, where a survey designated only the line of a highway, without specifying its width; it was held, that such survey was inadmissible to prove the existence of a highway.

The non-user of a highway, for many years, is *prima facie* evidence of a release of the public right to the owner of the soil.

Therefore, where bars across a highway had been kept up, by the owner of the soil, for about ninety years, it was held, that evidence of this fact was admissible to prove an extinguishment of the public right.

If a person, in removing obstructions from a highway, wantonly and unnecessarily destroy the property of another, he is liable in trespass.

This was an action of trespass *quare clausum fregit*, alleging the throwing down and the removing of the plaintiff's

posts and bars ; tried at *Fairfield, December* term, 1826, before *Peters,* J.

On the trial, on the general issue, the plaintiff proved the acts complained of in his declaration.   The defendant justified, on the ground that there was a public highway, leading from the *Rocky-Hill* road through the plaintiff's close to a lot called the *Hubbell* land ; and that said posts and bars were across and upon such highway.   To prove that there was such a highway, the defendant offered in evidence the following votes of the proprietors of the town of *Stratford :*

" At a proprietors' meeting in *Stratford,* on the 2nd *Monday* of *March* 1735—Voted and agreed, that *Edmund Lewis,* &c. [eight others being named] be a committee to survey and lay out the said division ; and that they also lay out and rectify all such highways as are absolutely necessary in the aforesaid division."

" At a proprietors' meeting on the 2nd *Tuesday* of *April* 1735—Voted, that any three of the committee chosen at a proprietors' meeting in *Stratford,* on the 2nd *Monday* of *March* last, shall be deemed to be a number sufficient to lay out or survey any lands granted at said meeting to be surveyed and laid out."

The defendant then offered in evidence the following survey or laying-out :

" *Stratford, Dec.* 27, 1737.

" Then we, the subscribers, surveyed and laid out a highway out of the grand highway, through *Rocky-Hill,* beginning, &c. [describing the courses and distances.]

> *Joseph Booth,*
> *Joseph Blackbach,* } Proprietors'
> *Theophilus Nichols,* } Committee."

To the admission of this evidence the plaintiff objected, on the ground that the defendant had not shewn, that such committee were authorized, by the proprietors, to survey and lay out highways, and on the ground that the survey was, on the face of it, void, as the highway was not bounded out, nor was it of any definite width; and also on the ground, that the defendant had not accompanied such survey by any evidence that it was ever accepted by the proprietors.   The judge overruled these objections, and admitted the evidence.

The plaintiff then offered evidence to prove, that ever since the laying out of said highway, a period of about ninety years,

bars had been constantly kept up across the way, where it comes into the *Rocky-Hill* road, and at the place where they were removed and destroyed by the defendant ; and that both the bars and the way were maintained by the plaintiff, and those under whom he claimed, as the only protection from the highway to a large tract of land owned and occupied by them. To the admission of this evidence the defendant objected ; and the judge sustained the objection, and excluded the evidence.

The plaintiff claimed to have proved, that in removing said bars the defendant conducted unreasonably, and unnecessarily destroyed the property of the plaintiff, and thereupon contended, that although here was a highway, yet if in removing the obstructions thereon, the defendant had wantonly and unnecessarily destroyed the property of the plaintiff, he must be found guilty ; and prayed the judge so to instruct the jury. But the judge omitted to instruct the jury on that point. In opposition to the claim of the plaintiff, that the survey was, on the face of it, void, he instructed the jury, that it was not void, but was a valid laying-out of a highway of convenient width.

The defendant obtained a verdict ; and the plaintiff moved for a new trial.

*Beardsley,* in support of the motion.

*Sherman,* contra.

HOSMER, Ch. J   1. From the survey received in evidence, it appeared, that the supposed highway was a line, extending in length, but without breadth, or any limits bounding its surface.   A highway, which is a public right of passage over another man's ground, like a grant from an individual, must be defined with reasonable certainty   The public must have the means of knowing how far they may travel, without becoming trespassers, and the individual, to what extent his land may be occupied by others.   But in the survey above mentioned, there are no limits to the rights of passage, nor to the incumbrance on the land of another, nor any possibility of ascertaining the extent of either.   A mathematical point is as fit a representation of a tract of land conveyed, as a mathematical line is, of a highway.

The survey, for these reasons, was incompetent evidence.

2. Evidence to prove a highway often consists in showing

*Fairfield,*
June, 1828.

Beardslee
*v.*
French.

that the public have used and enjoyed the road ; and the uninterrupted use of it, for a considerable space of time, affords a strong presumption of a grant    On the other hand, the nonuser of an easement of this kind, for many years, is *prima facie* evidence of a release of the right to the person over whose land the highway once ran ; and although the precise limit of time in respect of the public, in such cases, has not been established, there can be no doubt that the desertion of a public road for nearly a century, is strong presumptive evidence that the right of way has been extinguished.    After a long possession in severalty, even a partition may be presumed.    *Hepburn* & al. v. *Auld,* 5 *Cranch* 262.

The evidence should have been received, by the court ; and the rejection of it was, unquestionably, an error.

3. The omission of the court to instruct the jury, that the wanton and unnecessary destruction of the posts and bars, by the defendant, in removing them, was a trespass, was an unquestionable error.    If the plaintiff had erected posts and rails across a highway, or on the defendant's land, the defendant might legally remove them, doing no *unnecessary* damage ; but the law admits of no wanton spoil or waste, even in such cases. It is sufficient, that a person may put out of the way all impediments to the enjoyment of his rights, without inflicting unnecessary injury on the rights of others.    *Welch* v. *Nash,* 8 *East* 394.    Vid. 2 *Phill. Ev.* 138.

A new trial, in this case, must be granted.

LANMAN and DAGGETT, Js., were of the same opinion.

PETERS and BRAINARD, Js., were absent when the case was argued ; and, of course, gave no opinion.

New trial to be granted.