Johnson, J.,
delivered the opinion of the court.
This is an action upon a judgment recovered November 13th, 1810, in the supreme court of this state, by the testator oi the plaintiff against the intestate whom the defendants repre sent, for $2744.40 of debt, and $14.43, damages and costs. The defence is payment, which is only sustained by the presump tion from lapse of time. To rebut that presumption, a payment of interest on the 22d July, 1818, was proved, and a verbal admission in 1835, by the defendant in the judgment, of his indebtedness thereon, together with certain other matters, which, so far as may be material, will be noticed hereafter. This suit was commenced in May, 1844. The judge at the trial charged, upon the defendants’ request, that there was no evidence of actual payment of any part of the judgment after the year 1818, nor any admission in writing of the indebtedness, from the same date. He refused to charge that the presumption of payment could only be rebutted by *174 showing payment of the whole or part, or by an admission of indebtedness in writing, and to this refusal there was an exception.
The 4th section of ch. 238, Laws of 1821, passed April 3, 1821, provided, as to all judgments theretofore rendered in any court of record in this state, that the presumption of payment should apply, after twenty years from the passing of the act, “ in the same manner as such presumption applies to sealed instruments.” As the judgment in question had been rendered in 1810, and a payment had been made upon it in 1818, the legislature had, unquestionably, the power to subject it to the foregoing enactment. If that law had remained in force, no presumption of payment could have arisen until the expiration of twenty years from its passage. That act, however, was repealed by the general repealing act of December 10,1828, from and after the 31st day of December, 1829. On the 1st of January, 1830, ch. 4 of the 3d part of the Revised Statutes commenced and took effect as a law, under the provisions of § 8 of “An act concerning the Revised Statutes,” passed December 10, 1828. Section 46 of that chapter"(2 R. S., 301) provides that “the presumption of payment shall apply to all judgments of a court of record in this state rendered before the third day of April, one thousand eight hundred and twenty-one, and to all such judgments rendered before this chapter shall take effect as a law, in the same manner as such presumption applies to sealed instruments.” Section 48 of the same chapter provides that, “ after the expiration of twenty years from the time a right of action shall accrue upon any sealed instrument for the payment of money, such right shall be presumed to have been extinguished by payment; but such presumption may be repelled by proof of payment of some part, or by proof of a written acknowledgment of such right of action within that period.”
The question then arises, what rule of presumption is referred to in the 46th section ? Is it that prescribed by
*175 % 48, or the rule of presumption applicable to sealed instruments before the statutory rule of § 48 took effect? This question has not been adjudicated except in the case before us. In Miller v. Smith’s Ex’rs (16 Wend., 425), which was debt brought in 1833 upon a judgment rendered in 1805, Chancellor Walworth was of opinion that § 46 could not constitutionally operate upon that judgment; and Senator Maison, who gave the only other opinion, differed from him upon that question, though both the learned gentlemen speak of the section as restoring the common law rule of presumption of payment. As, however, the question they were considering related to the existence of any rule of presumption as to payment in that case, and not to the manner in which it might be rebutted if it existed, we can hardly deem it the expression of their deliberate conclusion upon the point now under consideration. The case was decided upon another question, as to which they both agreed. On the other hand, in Henderson v. Henderson (3 Denio, 314), where to debt on a judgment rendered in 1823, a plea was put in that the right of action accrued more than twenty years before suit brought, judgment was given against the plea on the ground that the presumption was only available as evidence and could not be made the subject of a plea. Ch. J. Bronson in his opinion speaks of the presumption as one to be repelled by proof of payment of some part of the debt, or a written acknowledgment, within twenty years; evidently regarding % 46 as adopting the rule of presumption specified in % 48. The question before the court was, however, clear beyond dispute, whichever rule of presumption was applicable to the case. Such a presumption was not the subject of a plea. It was therefore not requisite that any opinion should be expressed as to which rule of presumption was adopted by § 46.
The revisors’ note to § 46, after referring to § 4 of the act of 1821, before quoted, adds, that its language is preserved as to past judgments, and not applied to future judgments, as the next section provides for them. It is to be observed *176 that, by § 4 of the act of 1821, the presumption of payment, as it then applied to sealed instruments, was applied to judgments rendered before its passage after twenty years from that period. The rule prescribed by § 46 departed in this particular from the act of 1821. According to its terms the twenty years commenced, not from April 3, 1821, but from the time when a suit might have been brought upon the judgment. The only particular, therefore, in which § 46 follows § 4 is in the language which refers to the presumption upon sealed instruments. These terms are identical in each section. In each the presumption is to apply “ in the same manner as such presumption applies to sealed instruments.” It is clear, therefore, that this section was intended by the revisors to refer to the common law presumption in respect to sealed instruments, and not to the modified role of presumption as to sealed instruments first prescribed by statute in § 48.
Notwithstanding the intention of the revisors is thus clear, we are not to rely upon that as controlling the construction of the terms employed in the statutes, especially in cases where the statute as enacted departs from the language of the revisors in their report. Now, the law of presumption of payment, as to rights of action upon sealed instruments for the payment of .money, was altered by § 48 in this particular alone, that the presumption could only be repelled by proof of payment of some part, or by proof of a written acknowledgment of the right of action within twenty years. This provision has been adjudged to be prospective and not retrospective. (Van Rensselaer v. Livingston, 12 Wend., 490.) It would be not a little singular if this provision, which as to its appropriate subject matter is prospective in its operation, should be held to be adopted by reference and made applicable to the cases provided for in § 46, when, if so applicable, its effect upon those cases must be retrospective. The supposition is wholly irreconcilable with the provisions of §47, which, to judgments'recovered after the Revised *177 Statutes took effect, applies the same rule for repelling the presumption of payment which, by § 48, is applied to sealed instruments. If the effect of § 46 is to adopt that rule, it is not conceivable that the whole subject of presumption of payment as to judgments should not have been embraced in a single provision. When the legislature has made a classification of kindred subjects, and declared the rule of law applicable to the respective subjects in different terms, the presumption is that they intended them to be governed by different rules. I am therefore of opinion that § 46 does not adopt the rule as to repelling presumptions created by $ 48, and consequently that the presumption of payment referred to in § 46 is the common law presumption which was applicable to sealed instruments. The judge therefore committed no error in refusing to charge according to the request under consideration.
The only other question relates to an objection to the admissibility of certain evidence introduced on the part of the plaintiff. The evidence admitted was of judgments to the amount of $198,000 against Elmendorf, the defendant in the judgment in suit, between May 11, 1807, and January 18, 1839, one hundred and twenty-four in number, and of which only two or three were satisfied of record. The evidence was offered, as the bill of exceptions states, “ to show his embarrassments, and rebut the presumption of payment.” The defendants’ objection was “ that it was not competent evidence, and especially not competent to prove payment, nor was it written evidence of acknowledgment of indebtedness.” The special grounds of objection have been already considered and held to be untenable. If the more general question is to be deemed raised, it is a sufficient answer to say that the question is not upon the sufficiency of the evidence to rebut the presumption of payment, but only as to its bare competency. Now, „ insolvency is a sufficient answer to the presumption, if upon evidence thereof the jury find that the debt is actually unpaid. The rule was so stated by Lord Erskine, in Hillary v. Waller *178 (12 Ves., 266). He says: “ As to a bond taken upon twenty years, the presumption is that it has been paid, and the presumption will hold unless it can be repelled; unless insolvency or a state approaching it can be shown; or that the party was, a near relation; or the absence of the party having the right to the money; or something which repels the presumption that a man is always ready to enjoy what,is his own.” (See also 1 Cow. & Hill’s Notes to Phillips, 317, and cases cited.) The circumstances proved certainly tended to prove insolvency, and were, I think, properly received in evidence. The presumption of payment being a bare legal presumption, it seems difficult to say that any facts bearing upon the condition of the parties in respect to the demand are.improper to be laid before a jury to enable them to say whether the presumption is or is not overthrown.
A new trial should not be granted, and the judgment should be affirmed.
All the judges concurred.
Judgment affirmed.