### LEWIS F. GALLUP v. THE TOWN OF WOODSTOCK.

#### *Highway.*

The proceedings of the county court in this case *held* conformable to the decision and order heretofore made by the supreme court in reference to them.

The question as to the propriety and necessity of establishing a highway in a particular place is one of fact, which, in the last resort, is to be determined exclusively by the judgment of the county court.

PETITION FOR A CERTIORARI. The supreme court having at their March Term, 1856, upon the petition of the town of Woodstock, made an order in the present case as reported in 28 Vt. 587, and which is sufficiently set forth in the opinion of the court at the present term, the cause was, in pursuance of said order, heard by the county court at their May Term, 1856,— UNDERWOOD, J., presiding,— when the following facts appeared in addition to those reported by the commissioners as stated in the report of the case before referred to, which, together with the decision of the county court thereon, as hereafter recited, were ordered by the county court to be made a part of the record in the cause :

" The said surveyed road runs through and upon the said Gallup's house lot, (next westerly of the court house and town hall lot,) in the village of Woodstock, and through the said Gallup's office in front, and his out buildings and barn in the rear

thereof, erected and used in connection with the dwelling house, (situated on the same lot,) and situate also in front upon his said house lot, and westerly of his said office, with a pass-way between his said office and house from the highway in front. And the several distances and relative position of lines and objects are laid down on a plan, (agreed by the parties to be correct). Said plan is annexed to said report and made a part of the record.

"There is nothing to impede a passage from the highway through to the rear and around the court house and town hall · upon the court house lot, except the iron fence erected in front of said lot. The width of this passage and its proximity to the court house and town hall appears from the plan.*

" The court, (considering that their construction formerly put upon said report, (to wit, that looks and ornament were *partially* the grounds upon which the commissioners established the road,) was erroneous, and that, by the decision of the supreme court, said report does not bear that construction, but that by fair construction the commissioners laid the road because the public good wholly required it ; and that the matter of looks and ornament were merely incidental,) established said road as reported by the commissioners."

The present petition was brought to set aside the above recited decision of the county court upon grounds which sufficiently appear in the opinion of the court.

*E. Hutchinson,* for the petitioner.

*Washburn & Marsh,* for the petitioners.

The opinion of the court was delivered by

REDFIELD, CH. J. I. We are asked to set aside the judgment of the county court in this case because they misapprehended our decision in the case at the last term, and construed it to be a peremptory mandamus to enter judgment on the report establishing the highway. But we think no such misapprehension could or did occur. They were expressly directed in the suit to proceed

and try the case upon its merits, disregarding their former judgment and the same as if that had never been rendered in the case. It is impossible to construe this in the way it is supposed the county court might have done. And their statement of facts shows clearly that the county court understood the decision of this court correctly; namely, that the report of the commissioners did make a *prima facie* case for establishing the highway, and accordingly they so entered judgment, no sufficient cause being shown by the proof in the case for setting it aside.

II. We are asked also to quash the proceedings of the county court as presented upon the whole record. But having determined at the last term, as we must in order to make the order we did, that the report upon its face made a good *prima facie* case for establishing this road, nothing now presents itself for revision except the additional facts reported as they affect the whole case, and thus present new questions.

The additional facts are only such as the diagram of the grounds presents. And this does not seem to us to raise any new questions of law. It is in fact only an appeal to the judgment and discretion of the court upon the propriety and necessity of establishing a highway in that particular place. This is a question, the decision of which, in the last resort, is placed exclusively in the judgment of the county court, as one of fact. Its decision depends upon the residence, business, numbers, and numerous other incidents affecting the inhabitants of the locality, more or less remote, none of which are known to us. And unless we could determine as matter of law that a highway could not be laid through a building, or for the convenience of persons coming to a court house or town hall, or when the building already had a given number of feet of land, we could not decide this case as matter of law.

And the law as yet has not established any rules upon these subjects, whatever views we or others may entertain in regard to them as questions of expediency. We think, therefore, the petition must be dismissed. But as the case is certainly one of new impression, and somewhat of public concern, we award no costs.