THE STATE OF VERMONT *v.* THE TOWN OF LEICESTER.

*Highways.*

The neglect of the authority establishing a road to prescribe its width, excuses the town from liability for not opening and working the same.

INDICTMENT for neglecting to comply with an order of the county court establishing, upon the report of commissioners

appointed pursuant to the statute, on a petition for that purpose, a certain public highway in the town of Leicester, and directing such highway to be opened for working and completed and opened for travel within certain periods of time.

The respondent pleaded not guilty, and the cause was tried at the June Term, 1860,—PIERPOINT, J., presiding.

The prosecution offered in evidence the report of the commissioners establishing the road in question, together with the record of the proceedings of the county court, confirming the same.

This report omitted to prescribe any width for the road.

Upon this evidence the county court, *pro forma*, adjudged the town guilty, to which the respondent excepted.

*Linsley & Prout*, for the respondent.

*W. F. Bascom*, State's Attorney, and *E. N. Briggs*, for the prosecution.

KELLOGG, J.　This was an indictment against the town of Leicester for neglecting and refusing to comply with an order of the county court, establishing, upon the report of commissioners appointed pursuant to the statute, on a petition for that purpose, a certain public highway in that town, and directing said highway to be opened for working, and completed and opened for travel, within certain periods of time limited by the order for those purposes.　On trial, the report of the commissioners, with the record of the proceedings of the county court thereon, was introduced as evidence to sustain the prosecution.　It was admitted that the town had not worked the highway.　From the report of the commissioners, it appeared that they recommended that the proposed highway should be laid and established, and that they surveyed a certain line for the same, but omitted to state its width in their survey and report.　Upon this evidence, the county court decided, *pro forma*, (the trial being by the court,) that the town was guilty, to which decision the town excepted.

The statute (Comp. Stat., p. 162, sec. 9,) directs that the

width, as well as the courses and distances, shall be stated in the survey of any highway laid out or altered by the selectmen or by commissioners, and that permanent monuments or boundaries shall be established at the *termini* of the survey, or that the *termini* shall be referred by an accurate statement of the course and distance to some permanent monument in the neighborhood, and that, as far as practicable, the boundaries *on the other parts of the highway* shall be established in the same way, and that all surveys shall describe such monuments and boundaries. The county court has no other authority or jurisdiction in reference to the laying out and establishing of highways except such as is conferred by the statute, and can exercise its jurisdiction over the subject-matter only in the manner and to the extent prescribed by the statute. *State* v. *Williston et al.*, 31 Vt. 153.

The question in this case is whether the report of the commissioners recommending a highway to be established on a line extending in length, but without any prescribed width, or any limits bounding its surface, was sufficient to support the order of the county court directing the highway to be opened and worked and completed for public travel. The report does not state whether the line surveyed was intended to be the center line or a side line of the highway; and although the statute provides that all public highways shall be laid out " at least three rods wide," (Comp. Stat., p. 161, sec. 2,) yet they may be laid out wider, as the public convenience or necessity may require. The width of a proposed highway is as much a subject for the consideration and determination of the commissioners as its courses and distances could be, and the limits of a highway can never be defined with reasonable certainty unless its width and courses, as well as its *termini* or distances, are given in the survey. The town is entitled to have the limits of the highway defined with such certainty that its officers or servants may have the means of knowing how far they may work the highway without incurring any hazard of becoming trespassers. No survey of a highway can be complete which omits to state its width, because the width is an essential element in determining its surface or boundaries ; and the order of the county court establishing this highway must be treated as an order establishing a highway

having length without any definite breadth. No such highway is recognized by the statute; and the order of the county court in this case could not impose any duty or obligation on the town in respect to this highway for this reason. The case of *Beardslee* v. *French*, 7 Conn. 125, is directly in point in favor of our conclusions on this question.

The evidence on the part of the State was, in this view of the case, insufficient to sustain the prosecution; and the judgment of the county court is accordingly reversed, and judgment rendered in favor of the respondent.