## HEMAN A. HANCOCK *v.* TOWN OF WORCESTER.

*Practice; exceptions must be signed by judge before whom taken.*
*Supreme Court takes judicial notice of terms of County*
*Court and assignment of judges thereto.    Certiorari,*
*when demandable.  Exceptions in case of petitions*
*for establishment of highways.*

1. An exception must be signed by the judge who presides at the trial at which it is taken.

2. The Supreme Court will take judicial notice of the stated terms of the County Courts, and of what judges are assigned to preside at the several terms of that court, and it will assume, the contrary not appearing, that a judge assigned for a particular term presided during the whole of that term.

3. Hence, where an exception is taken at one term, and afterwards embodied in a bill of exceptions taken upon the rendition of final judgment at a subsequent term, signed by a judge not assigned to preside at the first term, such exception is not properly before the court.

4. A writ of *certiorari* is not demandable as a matter of right, but will be granted in the discretion of the court to prevent injustice; and the same rule is to be applied when, under the statute, exceptions are taken to the action of the County Court upon a petition asking for the establishment of a highway.

5. The commissioners found that the public good and convenience required the establishment of the highway.  They further found that C., although not a petitioner, was the real party in interest, and that he was so benefited by it that its establishment ought to be conditional upon his contributing to its construction, and recommended that it be established upon that condition.   The court established the highway in accordance with the report.  *Held,* that the exceptions should be overruled; that whether or not the case came within No. 14, Acts of 1882, the finding that the public good and convenience required the highway was an absolute one, and that if C. submitted to the judgment, no injustice was done the defendant.

This was a petition for the establishment of a public highway, and was entered at the September Term, Washington County, 1886.  On November 30th following, two motions were filed, one by the petitioners and one by the defendant town, asking that said cause be discontinued without costs.   These motions

were overruled, and the defendant excepted. Commissioners were appointed under the statute, who laid the highway. The commissioners found that the public good and convenience required the highway. They further reported:

" And your commissioners find and report, that while the public good and convenience of individuals requires the laying out of said highway, yet we are of opinion that there will be such benefit to the petitioners, and especially to O. C. Clogston, who, though not directly a petitioner, is the real party in interest, and the one most benefited by the establishment of said highway, that we make our decision as to the convenience and necessity of said highway, conditional upon all the expense of said highway, except the land damage and the sum of one hundred and fifty dollars to be paid by the town of Worcester, being contributed by the petitioners, or by the said Clogston. And we award and decide that said town of Worcester shall pay the said Collier his award of damages, and shall pay the sum of one hundred and fifty dollars toward the building of said road. That the balance of said expenses shall be paid by said Clogston, a petitioner in fact, and said highway shall be built to the acceptance of such person as the court shall appoint for that purpose."

The case was heard upon this report, at the March Term, 1889, ROYCE, Ch. J., presiding. The court established the highway in accordance with the recommendations of the report. The defendant excepts.

*John G. Wing,* for the defendant.

The finding of the commissioners that Clogston was the real party in interest, although not one of the petitioners, does not bring the case within No. 14, Acts of 1882, which is confined exclusively to petitioners. The finding of the commissioners is not absolute that the public good and convenience require this highway, but conditional upon the contribution of Clogston to its construction.

*Pitkin & Huse,* for the petitioners and Clogston.

The exceptions do not show that injustice has been done anyone, nor such a state of facts that the court would grant a writ

Hancock *v.* Town of Worcester.

of *certiorari.* Hence they should be overruled. *Brock* v. *Barnet,* 57 Vt. 172 ; *French* v. *Barre,* 58 Vt. 567.

The opinion of the court was delivered by

Rowell, J. This case comes up on exceptions, signed by the Chief Judge, at the March Term, 1889, of Washington County Court, when there was final judgment. At the September Term, 1886, of that court, both parties moved that the petition be dismissed with costs. The court overruled the motions and appointed commissioners, to which the defendant excepted ; but no minute of that exception was signed until the exception was embodied in the bill now before us. Although the statute requiring exceptions to be filed within thirty days from the rising of the court has reference only to final judgment in the case, *Thetford* v. *Hubbard,* 22 Vt. 440, yet the statute requires that exceptions be signed by the judge who presides at the trial at which the exceptions are taken.

County Courts are established by the Constitution, and the statute makes it the duty of the judges of this court to assign one of their number to preside in the County Court in each county ; and although it seems to be differently held in England and in some of the States, yet in this State the Supreme Court will take judicial notice of subordinate tribunals created by the Constitution, and of who are the presiding judges thereof at a given term, and it will be presumed, the contrary not appearing, that the judge assigned to preside, presided during the whole term, as such is the usual course. *Stricker* v. *State,* 11 Md. 322 ; *Kilpatrick* v. *Commonwealth,* 31 Pa. St. 198 ; *ex parte Peterson,* 33 Ala. 74 ; 89 Am. Dec. note, 685. Hence we judicially know that the Chief Judge did not preside at the trial when said motions were overruled and commissioners appointed, and therefore the exception to that action of the court is not properly before us.

The statute allowing cases of this kind to come up on exceptions instead of upon *certiorari,* provides that no judgment nor order of the County Court, rendered in such a proceeding, shall

Hancock *v.* Town of Worcester.

be reversed, unless this court would have granted a writ of *certiorari* for the same cause. That writ is not demandable as matter of strict legal right, but it rests in the discretion of the court to grant or refuse it. He who asks for it must show that substantial injustice has been done, and that it will be remedied by granting the writ. Failing this, the writ is always denied.

The commissioners decided that the public good and the convenience of individuals require the road to be laid as prayed for, and they lay it accordingly. They then proceed to appraise the land damages. They then go on to say that while the public good and the convenience of individuals require the road to be laid, yet they are of opinion that there will be such benefit to the petitioners, and especially to O. C. Clogston, who, though not a petitioner in fact, is the real party in interest, and the one most to be benefited by the road, that they make their decision as to " convenience and necessity," conditional upon all the expense, except the land damages and $150 to be paid by the town, being contributed by the petitioners or by Clogston, and they decide that it shall be contributed by Clogston. Clogston agrees to this, and comes in and submits himself to the ' jurisdiction of the court at the term at which the report is returned and the road established, as it is said in argument.

It is now objected that inasmuch as Clogston did not sign the original petition, the commissioners had no authority to make their decision as to " convenience and necessity " conditional upon his paying a part of the expense, as the case does not come within No. 14, Acts of 1882, which provides that commissioners may make their decision to lay out a road conditional upon payment by petitioners especially to be benefited of such sums as they may think proper towards the expense of laying out and building the road.

But if the case is treated as not coming within the statute, that is not decisive of the question, for it is considered that the report shows an unconditional decision by the commissioners that the convenience of individuals and the public good require the road to be laid, irrespective of the question of aid to the town

in respect of expense, as the matter of Clogston's aiding in that behalf does not seem to be made the basis of that decision. If the public good and the convenience of the inhabitants require the road to be laid, it is immaterial at whose expense it is built. The town certainly cannot complain that it is aided in the matter.

It is impossible to say that the road would not have been laid but for Clogston's contribution. Every presumption is to be made in favor of the regularity of the proceedings, and they are not to be vacated unless it is made clearly to appear that they are erroneous and that substantial injustice has been done, which certainly does not appear. *Parks* v. *Boston*, 8 Pick. 218 ; s. c. 19 Am. Dec. 322.

*Judgment affirmed.*