THE CITY OF DETROIT v. JOHN BRENNAN & COMPANY (A CORPORATION).

*Condemnation proceedings—Finding of necessity—Evidence— Instructions—Compensation—Harmless error.*

1. The finding by a jury, who viewed the premises, of a necessity for opening a street, is sustained by evidence tending to show that there was a considerable population which would secure a more direct route into the city; that the fire department would secure better facilities for protection against fire; that a better communication with the school would be afforded children living in the vicinity; and that the opening of the street would bring the people living beyond, five blocks nearer the center of the city.

2. Where the jury in a street-opening case, after viewing the premises, award to a manufacturing corporation for land taken nearly

$1,500 in excess of its value as shown by some of the evidence, they cannot be said to have made no award for damages to the business of the corporation carried on in connection with the land, the character of which was fully presented to them.

3. Under the charge of the court (see opinion), the jury could not have been misled into believing that the term, " cost and expense," as used in the instruction that, if the benefit to the public exceeded the cost and expense of making the improvement, the jury would be justified in finding the required public necessity, meant anything else than the value of the land and the damage to appellant's business.

4. A verdict in a street-opening case should not be set aside because of the erroneous admission of testimony which could not have misled the jury.

Appeal from recorder's court of Detroit. (Chambers, J.) Submitted on briefs October 14, 1892. Decided October 27, 1892.

Street-opening proceedings. Respondent appeals. Affirmed. The facts are stated in the opinion.

*Brennan, Donnelly & Van De Mark* and *J. Logan Chipman,* for appellant.

*Frank A. Rasch,* City Attorney, and *Henry A. Mandell,* Assistant, for petitioner.

GRANT, J. This is a condemnation proceeding to open, widen, and extend Toledo avenue, in the city of Detroit, from Twenty-fourth street to Scotten avenue. The jury found that the necessity for opening the street existed, and awarded the appellant $4,497.06 for damages.

Four objections are raised against the validity of the proceedings:

1. That there was no evidence showing any public necessity for opening the street.

2. That the award made no provision for loss and injury to appellant's business, by reason of its having to change its method of conducting the same.

3. That the court erred in instructing the jury:

"If the benefit to the public of the city of Detroit exceeds the cost and expense of making the improvement, then you will be justified in finding that there is a public necessity for making the improvement in the manner proposed."

4. That the court erred in allowing the following question:

"Would the opening of Toledo avenue, as proposed in this proceeding, give a direct route into the city as soon as possible, and is it necessary to open it?"

1. We think the evidence of necessity sufficient to sustain the finding of the jury. The evidence on the part of the petitioner tended to show that there was a considerable population which would secure a more direct route into the city; that the fire department would secure better facilities for protection against fire; that a better communication with the school would be afforded children living in the vicinity; and that the opening would bring the people living beyond, five blocks nearer the center of the city. In addition to this, the jury viewed the premises.

2. We do not think it can be said that the jury made no award for damages to appellant's business. There was evidence showing that the land alone was worth only $3,000. Appellant manufactured boilers, and claimed to have so constructed its building that in loading its heavy boilers upon the cars it would be necessary to erect a derrick having an arm of 35 feet, while less than that space was left between the side of the building and the proposed street. The court explicitly charged the jury to allow "the full measure of compensation and the injury done to the business." But it is insisted that this charge was wholly ignored by the jury. There was evidence tending to show that a derrick sufficient for the purpose could be used in the space left. The situation of the premises and the character of the business were fully presented to the jury, who viewed the premises. We cannot, therefore, say that the jury ignored this claim or the charge of the court.

3. The charge of the court complained of must be taken in connection with the entire charge, and when so taken was exceedingly favorable to the appellant. At the request of appellant's counsel, the court charged the jury as follows:

" The jury must not only find that it is necessary to take the property to open the street as proposed, but that the public necessity requires the street itself to be opened.

" If there is a route which would accommodate the general public more fully, and at a lesser cost, it is the duty of the jury to find that the proposed improvement is not a public necessity.

" If the opening of the street is a convenience to individuals merely, it is not a necessary public improvement, and private property cannot be taken to serve that convenience.

"The law considers the rights of the property and business carried on by the respondent as of equal consideration, and entitled to as much protection, as the right of the city to take the property and to interfere with the business; and will not permit the property to be taken and the business to be interfered with unless an actual public necessity exists for the making of the improvement.

" Unless the public benefit exceeds the amount to be paid for compensation, there is no necessity to take the land.

"The elements of damage are: (1) The value of the property taken for the opening of the street; the injury to the works and property not taken, and left in the parcel of land from which the property is taken. (2) The injury to the business of the owner. (3) Compensation for all prospective loss or injury resulting from the opening of the street, and the taking of the property for that purpose."

Under this charge, the jury could not have been misled into believing that " the cost and expense " meant anything else than the value of the land and the damage to appellant's business.

4. The witness whose testimony was objected to lived in that section of the city, had detailed the situation of the streets, and stated the number of manufactories that existed in the vicinity. It is insisted that the question called for a conclusion, and was putting the witness in the place of the

jury.    We think the court should have excluded the question, but we do not think that the jury could possibly have been misled by the answer.    We do not think verdicts should be set aside in these important proceedings for such harmless errors.

The judgment is affirmed.

The other Justices concurred.