# L. J. WALBRIDGE ET ALS.

## v.

# CABOT AND WALDEN.

OCTOBER TERM, 1894.

*Laying of highway by court's commission. Recommittal of report for failure to give notice.*

Upon the coming in of the report of commissioners appointed by the supreme court upon petition for the establishment of a highway running through two towns, if the report fails to show that a particular land owner had notice of the proceedings, and he makes affidavit that he had no such notice, the report should be recommitted, with instructions to give such notice and an opportunity for hearing.

Petition to the supreme court for the county of Washington for the laying of a highway in the towns of Cabot and Walden. Heard upon the report of commissioners.

George M. Webster and Lyndon McAllister filed affidavits that the highway as laid by the commissioners crossed their lands, and that they had never received any notice of the proceedings, and never been heard in the premises. The report did not show such notice.

*J. P. Lamson* for land owners.

Since the commissioners failed to give all the land owners

notice, their proceedings are void.    *LaFarrier* v. *Hardy*,
66 Vt. 200 ;  *Lynch* v. *Rutland*, 66 Vt. 570 ;  *Weymouth* v.
*Commrs. York Co.*, 29 Alt. Rep. 1100 ;  *Thetford* v. *Kilburn*, 36 Vt. 179 ;  *Brooks* v. *Barnet*, 57 Vt. 172.

ROSS, C. J.   The commissioners do not report that they
gave Lyndon McAllister any notice and opportunity to be
heard, upon whether the public good or convenience and
necessity of individuals required the taking of his land for
the establishment of the proposed highway.   His affidavit
is that he had no such notice.   Such notice is necessary to
give the commissioners, and this court whose officers they
are, jurisdiction to take and appropriate his land to such use.
*LaFarrier* v. *Hardy et al.*, 66 Vt. 200 ;  *Lynch* v. *Rutland*,
66 Vt. 570.   The report must be recommitted to have them
give him the requisite notice and an opportunity to be heard
upon whether the public good or convenience and necessity
of individuals require the establishment of the proposed
highway, and the taking of his land for such purpose ; and,
if after such hearing, the commissioners recommend the
establishment of the highway, to give him notice and an
opportunity to be heard in regard to the damages sustained
by him.   If they still recommend the establishment of the
highway, the commissioners will also state the bearings of
the courses of the survey of the road of 1871, which they
adopt, and also the damages in money which they award to
the several land owners, if the towns should not build the
fences and cattle passes ordered.   The location of the cattle
passes ought to be fixed with more certainty.   While some
expressions used by the commissioners would indicate that
they have overstepped their legitimate powers, especially in
determining whether the proposed highway should be laid
out and established, and when it should be laid open for
work and for travel ;  yet their report need not be recommitted for these defects, inasmuch as this court can treat

these statements as recommendations merely, and has the power to reject them entirely, and make such orders in those respects as it deems just and right under the statute.

*Report recommitted, with an order.*