HAROLD J. STEVENS *v.* H. H. HILL, J. B. H. CUSHMAN and PERCY L. TEMPLETON, CENSORS.

January Term, 1902.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed March 8, 1902.

*Certiorari—Board of Medical Censors—Revocation of license to practice medicine—Ex parte affidavit—Waiver of objections.*

A petition for a writ of *certiorari* is addressed to the sound discretion of the court, and when founded upon some informality or irregularity, merely, and no injustice has been done, the writ will be refused.

The defendants, as the Board of Censors of the Vermont State Eclectic Medical Society, after notice to the petitioner, revoked his license to practice medicine, upon the *ex parte* affidavit of the secretary of the college of which the petitioner claimed to be a graduate that no such person had been granted a diploma therefrom. The petitioner did not appear before the board according to its summons. *Held*, that the petitioner, by staying away from the proceedings, waived formal objections to the evidence upon which the board acted.

PETITION for writ of *certiorari*. Heard on petition and answer.

The defendants constituted the Board of Medical Censors of the Vermont State Eclectic Medical Society.

*William H. Preston* for the petitioner.

The board of censors having granted the petitioner a license, could not revoke the same without some competent evidence that it had been obtained by fraud. 40 Am. Rep., notes, 35; Spelling's Ex. Relief s. 2023. The defendants' answer falls short of showing competent evidence of such fact. The affidavit relied upon by the board was taken without notice to the petitioner.

*H. C. Shurtleff* for the defendants.

This petition is addressed to the discretion of the court, and the writ will only be granted when the petitioner satisfies the court that injustice has been done. *Walbridge* v. *Walbridge,* 46 Vt. 617; *Lyman* v. *Burlington,* 22 Vt. 132; *Chase* v. *Rutland,* 47 Vt. 393; *Power Co.* v. *Commissioners,* 112 Mass., 212; *Plymouth* v. *Commissioners,* 16 Gray 341.

In this proceeding the court can only consider the record of the board of censors. *Mendon* v. *Commissioners,* 5 Allen 16; *Charlestown* v. *Commissioners,* 109 Mass. 270.

The board may revoke a license if, in their judgment, it has been obtained by fraud.  V. S. 4637.

The petitioner waived his right to object to the evidence before the board by staying away from the meeting.  *Karcher* v. *Supreme Lodge,* 137 Mass. 368; *Strempel* v. *Rubing,* 21 N. Y. Sup. Ct. 483; *Essery* v. *Court,* 2 Ont. Rep. 596; Note to *Ryan* v. *Cudahy,* 49 L. R. A. 353.

STAFFORD, J.  The law of such cases is well enough settled by our own decisions.

A petition for a writ of *certiorari* is addressed to the sound discretion of the court, and when it is founded upon some informality or irregularity, merely, and no injustice has been done, the writ will be refused.  *Myers* v. *Pownal,* 16 Vt. 415; *Paine* v. *Leicester,* 22 Vt. 44; *Lyman* v. *Burlington, Id.* 131; *Londonderry* v. *Peru,* 45 Vt. 424; *Hancock* v. *Worcester,* 62 Vt. 106, 18 Atl. 1041.

So the practice is to hear the merits of the case upon the petition *for* the writ.  *Walbridge* v. *Walbridge,* 46 Vt. 617.

The writ does not lie for the correction of errors that might have been set right by appeal.  *Sowles* v. *Bailey,* 69 Vt. 277, 37 Atl. 751.

Take this case.  The petitioner got himself licensed to practice medicine on the strength of a diploma from a college out in Ohio.  The board of censors who licensed him became suspicious that the diploma was bogus, and sent him word that they wanted to see it again.  He promised to come, repeatedly, but failed to keep his word.  Finally they had him summoned to appear and show cause why his license should not be revoked as having been procured by fraud in presenting a forged and spurious diploma.  He did not appear, and the board revoked his license, basing their action, as they say, partly upon the affidavit of the secretary of the Ohio college that no such person as the petitioner had ever been granted a diploma therefrom.

The request for the writ is put on the ground that the board acted without any evidence, in that the affidavit was not taken upon notice to him.   But it cannot be said that the affidavit was no evidence.   If the petitioner wished to insist upon formal and regular proof, he should have made his appearance.   He chose to stay away, and it is not just that he should take the objection by this extraordinary writ.   He has had his day in court, and must be treated as having waived such formal objection as much as if he had been present and held his peace.

*The writ is denied.   Let the petitionees have their costs.*