### H. C. BOLLES ET AL. *v.* CITY OF MONTPELIER.

November Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 7, 1920.

*Laying Out of Highways—Proceedings in County Court—Review—Reversal Only in Case of Substantial Injustice—Opinion Evidence as to Necessity of Highway—Harmless Error—Commissioners' Report—Recommendations Not in Excess of Jurisdiction—Jurisdiction of County Court—Order Exceeding Jurisdiction Void.*

In county court proceedings to lay out a highway pursuant to the provisions of G. L. 4419-4429, the propriety and necessity of establishing a highway in a particular place is a question of fact, which in the last resort is to be determined exclusively by the county court.

In such case, review on exceptions is provided for by G. L. 2257, under the provisions of which the judgment of the county court is not to be reversed unless it is made to appear that substantial injustice has been done to the excepting party.

On a hearing before commissioners as to the laying out of a highway, it was error to permit a witness to testify that the establishing of the highway would be for the public good and the convenience of individuals.

It was not reversible error for the court to decline to reject the commissioners' report recommending the laying out of the highway because of the admission of such evidence, because it does not appear that it resulted in any substantial injustice to the excepting party, and it will be inferred that the court found the question of

public good and the convenience of individuals established by other evidence.

The commissioners did not exceed their jurisdiction in recommending in their report that a plank walk should be constructed on one side of the proposed highway, as to its grade, that a bank wall should not be constructed on one side, and as to surfacing material, since the court could reject or accept such recommendations if they were matters within its jurisdiction.

The county court has no authority or jurisdiction in reference to laying out highways, except such as is conferred by the statute, and can exercise its jurisdiction over the subject-matter only in the manner and to the extent prescribed by the statute.

Where the court incorporated matters outside its jurisdiction in its order establishing a highway, the order was void to that extent, and, since such matters affected a substantial right of one of the excepting parties, it was reversible error as to that party.

PETITION for the establishment of a public highway. Heard on the commissioners' report at the September Term, 1919, Washington County, *Fish*, J., presiding. The Court ordered the highway established "according to the provisions of the report." The petitionee and landowners excepted. The opinion states the case.

*George L. Hunt* and *H. C. Shurtleff* for the petitionee and landowners.

*Fred L. Laird* for the petitioners.

TAYLOR, J. The petitioners applied to the city council of Montpelier to lay a highway from Tremont Street, so called, in the city of Montpelier, along a route known as Güernsey Avenue Extension, to a house which was then being constructed by them. The length of the proposed street was about ten rods, and crossed land belonging to the estate of George Guernsey and land of Martin Shields and wife, upon which H. C. Shurtleff held a mortgage. The city council refused to establish the highway, and this petition was brought to the county court. Commissioners were appointed, and after a full hearing and examination of the premises they found and reported that the public good and the convenience of individuals required that the proposed highway

be laid out substantially as prayed for in the petition; that they had caused the highway to be surveyed, giving a detailed description of their survey; that they found, and so recommended to the court, that the roadway should be graded in a certain manner set forth in the report; that in so doing no bank wall should be constructed on the northerly side of the highway; that a plank walk should be constructed of a given width; that the highway be graded and ready for public travel within one year from the acceptance of the report; and that it be completely graded and filled for twenty feet in width, and suitably gravelled or covered with cinders, on or before three years from the date of the order of the court establishing the highway.

The parties interested in the Shields land filed exceptions to the report. The case coming on for hearing, the court ordered the report recommitted on the question of damages "and to give the landowners and city of Montpelier an opportunity to appear before the commissioners in reference to land damages and survey made, so they may cross-examine the surveyor and his plan." The recommittal on the question of damages was ordered to correct an irregularity in the proceedings. The parties had been fully heard on the question, but before the decision and survey contemplated in G. L. 4423, and no further evidence was offered relating to damages at the rehearing. With reference to the survey and plan, when the commissioners had reached their decision after the original hearing, they employed the city engineer to make a survey and plan of the highway. This plan was attached and referred to in their report. It was objected that the survey was made "and the plan received in evidence" when neither the landowners nor their counsel were present, and outside any hearing in the case. It was to meet this objection, though evidently frivolous, that the recommittal with reference to the survey and plan was made. The commissioners were well within their rights respecting the survey, and the plan was not "received in evidence." It was used merely as a matter of convenience in making their report.

At the rehearing, full opportunity was given the city and the objecting landowners to cross-examine the city engineer with reference to his survey and the plan, but the examiner sought to go further and inquire of him concerning matters not appearing upon the plan, especially with reference to the feasibility of other routes to reach the petitioners' house. This the commis-

sioners denied, ruling that it was outside the scope of the recommittal. Several exceptions were taken to the action of the commissioners in thus limiting the cross-examination. On the supplemental report being filed, the same parties filed additional exceptions to the reports, a motion to set aside the report and an alternative motion to recommit to other commissioners. The court overruled the exceptions and the several motions, accepted the report of the commissioners as amended, and ordered the highway established "according to the provisions of said report." The petitioners were ordered to pay the damages assessed against them within sixty days from the date of the order. The cause was passed to this Court on exceptions by the city and the landowners.

For convenience we will speak of the excepting parties as the petitionees. They brief certain exceptions to evidence received by the commissioners, exceptions to the exclusion of evidence at the rehearing, exceptions to the failure of the commissioners to comply with certain requests, and exceptions to the action of the court in overruling their motions and accepting the report. It will facilitate the consideration of these questions to notice at the outset the peculiar features of a proceeding of this character, and the limitations upon the review of questions arising therein in this Court.

The statute provides in substance that, on the neglect or refusal of the selectmen of a town (or the corresponding officers of a city) to lay out a requested highway, application can be made to the county court for that purpose. On such application, unless cause is shown to the contrary, the court is required to appoint commissioners to examine the premises and inquire into the convenience and necessity of the highway. If the commissioners decide that such highway ought to be laid out, it is made their duty to cause the same to be surveyed and to proceed to determine the question of damages. When the commissioners have completed their inquiries they are required to make report to the court, stating their doings and decision, with their survey and appraisal of damages, if any. The town (or city) or any person interested can appear and resist the acceptance of the report by showing any facts relevant to the question. The court is empowered, for sufficient reasons, to reject the report, or to accept it in whole or in part, and, if accepted, to make an order establishing the highway and render judgment respecting the

damages and costs. G. L. 4419-4429. Such, in substance, has been the procedure since the earliest time, except for about three years between 1828 and 1831, when these matters were committed to a board of county road commissioners.

The provision for review on exceptions was enacted in 1872 by an act entitled "An Act allowing questions of law arising upon the trial of road cases to pass to the Supreme Court for final decision." It was therein provided that no judgment of the county court in such matters should be reversed, unless the Supreme Court would have granted a writ of *certiorari* for the same cause. No. 38, Acts of 1872. The scope of the statute has since been enlarged, but the limitation remains unchanged. G. L. 2257. Before the enactment of this statute questions of law arising in such cases as the one at bar were usually brought to the attention of the Supreme Court by petition for a writ of *certiorari*.

Construing these statutes, this Court has held: That the report of the commissioners establishing a highway is not binding upon the court, and is only *prima facie* evidence of a legal necessity for its establishment, and that on objections to the report the court will inquire into and determine for itself, upon proper evidence taken and produced before it, whether the commissioners have arrived at a just and proper conclusion. *Gray* v. *Middletown,* 56 Vt. 53. That the propriety and necessity of establishing a highway in a particular place is one of fact, which in the last resort is to be determined exclusively by the county court. *Gallup* v. *Woodstock,* 29 Vt. 347. That on exceptions in this class of cases the judgment of the county court is not to be reversed unless it is made to appear that substantial injustice has been done to the excepting party. *Hancock* v. *Worcester,* 62 Vt. 106, 18 Atl. 1041; *Gray* v. *Middletown, supra.*

Varying expressions, but all to the same effect, are to be found in other cases dealing with the statute limiting review: Such a writ (*certiorari*) is uniformly denied, unless the error complained of is one affecting the substantial justice of the case. *Orcutt* v. *Hartland,* 52 Vt. 612. It is never awarded unless injustice has been done to the petitioner (*French* v. *Barre,* 58 Vt. 567, 5 Atl. 568), or when no substantial right of the petitioner was invaded by the judgment of the county court. *Hooker* v. *Montpelier & W. R. R. Co.,* 62 Vt. 47, 19 Atl. 775. The writ is not demandable as a matter of strict legal right, but it rests in the

discretion of the court to grant or refuse it. He who asks for it must show that substantial injustice has been done that will be remedied by granting the writ. Failing this, the writ is always denied. *Hancock* v. *Worcester, supra.* See also *Stevens* v. *Hill,* 74 Vt. 164, 52 Atl. 437.

When challenged by the test which the statute requires, few of the petitionee's exceptions merit any special notice. Against the objection that it was the question which the commissioners were to decide, one witness was permitted to testify that the establishing of the highway would be for the public good and the convenience of individuals. It was error to put in evidence the witness' opinion of the necessity for the highway. It violated the rule of general application that a witness must state facts, and not opinion, and did not come within any of the well-recognized exceptions to this rule. Resort to opinion evidence from a nonexpert witness is only proper upon the ground of necessity. Thus, when the facts and circumstances are incapable of being detailed and described so as to enable any one but the observer himself to form an intelligent conclusion from them, the witness is allowed to add his opinion. *Cavendish* v. *Troy,* 41 Vt. 99, 107; *Baker & Sons* v. *Sherman,* 71 Vt. 439, 447, 46 Atl. 57; *Fadden* v. *McKinney,* 87 Vt. 316, 323, 89 Atl. 351. The witness could, and doubtless did, testify to facts bearing upon the question, but the nature of the facts would be such that the commissioners could as well form an opinion upon them as the witness himself. The opinion of a witness in such a case as this on the question of necessity is usually, if not always, held to be inadmissible. 3 Wig. on Ev., § 1960; *Detroit* v. *Brennan,* 93 Mich. 338, 53 N. W. 525; *Grand Rapids* v. *Bennett,* 106 Mich. 528, 64 N. W. 585; *Merritt* v. *Seaman,* 6 N. Y. 175; *Burwell* v. *Snead,* 104 N. C. 120, 10 S. E. 152; *Johnson* v. *Anderson,* 143 Ind. 493, 42 N. E. 815.

But it does not follow that it was reversible error for the court to decline to reject the report because of the admission of this evidence. It is not made to appear that it resulted in any substantial injustice to the petitionees, and we may infer in support of the ruling that the court found the question of public good and the convenience of individuals so well established by other evidence brought to its attention that it was justified in regarding the error as harmless.

It is urged that the commissioners exceeded their jurisdic-

tion in directing that a plank walk should be constructed on one side of the proposed highway, in prescribing the grade of the highway, in forbidding the construction of a bank wall on one side of the highway, and in directing as to surfacing material. But such was not the effect of their report. They made recommendations respecting those matters which the court could reject, or accept, if it saw fit, providing, of course, they were matters within its jurisdiction. See *Walbridge* v. *Cabot*, 67 Vt. 114, 30 Atl. 805. But it is also urged that the court overstepped its powers when it ordered the highway established "according to the provisions of the report." The exception raising this question must be sustained. The county court has no authority or jurisdiction in reference to laying out highways, except such as is conferred by the statute, and can exercise its jurisdiction over the subject-matter only in the manner and to the extent prescribed by the statute. *State* v. *Leicester*, 33 Vt. 653; *Alexander* v. *Montpelier*, 81 Vt. 549, 71 Atl. 720; *State* v. *Williston*, 31 Vt. 153. By the reference to the report for the provisions of its order, the court incorporated therein matters outside its jurisdiction, and consequently its order is void to that extent. The two cases last cited are full authority for this holding and clearly indicate the limits of the court's jurisdiction. This error affects a substantial right of the city and entitles it to a reversal. No reversible error is found affecting the rights of the other petitionees.

*Orders of the county court are vacated, and the cause remanded. Let the city recover its costs in this Court.*