### Fred Pillsbury, et al. v. Town of Wheelock

[290 A.2d 42]

No. 38-71

Present: Shangraw, C.J., Barney, Smith, Keyser, JJ., and Martin, Supr. J.

Opinion Filed April 4, 1972

*Ernest E. Goodrich,* St. Johnsbury, for Plaintiffs.

*Kyle Brown,* St. Johnsbury, for Town of Wheelock.

**Shangraw, C.J.** In August of 1969 the plaintiffs, freeholders and residents of the Town of Wheelock, petitioned the selectmen of the town to lay out a public highway on what is referred to as Old Town Road No. 41. This road runs from Stannard Mountain Road (State Aid Road No. 1) through a field occupied and used by Raeburn and Erma Baker to the boundary line of property owned by Lucien and Jeannette Leroux.

The selectmen failed to lay out the requested highway, and as a consequence the plaintiffs herein brought a petition to the Caledonia County Court under the provisions of 19 V.S.A. § 461.

Commissioners were appointed under the provisions of 19 V.S.A. § 462 to hear and determine the issues involved. Having completed their hearings and inquiries, the commissioners ordered the proposed highway laid out by returning a certain trail, formerly known as the Old Town Road No. 41, to a full public highway status and assessed certain damage payments. Their order stated that all persons interested in or affected by the laying out of the highway had been heard.

The commissioners' report was filed with the Caledonia County Court. Acting under the provisions of 19 V.S.A. § 469, the plaintiffs, the Town of Wheelock and Lucien Leroux, for whose benefit the road was proposed, filed objections to the

report. Hearings were held by the court under the provisions of 19 V.S.A. § 470. Findings of fact were made and filed and the order of the commissioners generally confirmed, except for some particulars not at issue in this appeal.

██ The county court proceedings to lay out highways under 19 V.S.A. §§ 461–471, the propriety and necessity of establishing a highway in a particular place is a question of fact, which in the last resort is to be determined exclusively by the county court. *Bolles* v. *Montpelier,* 93 Vt. 513, 108 A. 565 (1920).

Construing these statutes, this Court has held that the report of the commissioners establishing a highway is not binding upon the court, and is only *prima facie* evidence of a legal necessity for its establishment, and that on objections to the report the court will inquire into and determine for itself, upon proper evidence taken and produced before it, whether the commissioners have arrived at a just and proper conclusion. *Gray* v. *Middletown,* 56 Vt. 53 (1884); *Bolles* v. *City of Montpelier, supra,* 93 Vt. at 517.

It is from the Caledonia County Court's judgment order that the appeal to this Court is taken by the Town of Wheelock and Raeburn and Erma Baker.

The first challenge to the proceedings raised here by the appellants is one based on a claimed jurisdictional ground. Specifically, it is urged that the commissioners appointed by the county court lacked jurisdiction to order the laying out of the highway, by reason of the absence of notice to Dartmouth College.

At one time all land in the Town of Wheelock was impressed with an annual rental for the benefit of Dartmouth College. It appears that the land crossed by the trail and now restored to public highway status may be still subject to an annual lease payment to Dartmouth College. On the facts this is unclear. See *Morgan* v. *Cree, et al.,* 46 Vt. 773–75 (1861).

The claim of the appellants is that since Dartmouth College appears to be an interested party, and it does not affirmatively appear that it had notice of the hearings to be conducted by the commissioners, the entire proceedings are rendered void.

Dartmouth College did not participate in any of the hearings before the commissioners or the county court. While the county

court categorically states in its findings that all interested parties had been notified of the proceedings to lay out the highway, no claim is made by the appellees that such notice was in fact given the college.

Unless dismissal is proper under V.R.C.P. 19, failure to join a proper party will not terminate an action. The issue as to whether dismissal is proper or not is one to be raised below, since the rule requires that the proposed party be found to be indispensable in terms of V.R.C.P. 19(a) and not available to be joined under V.R.C.P. 19(b). If the shaping of relief, attended by protective provisions in the judgment, can assure an unprejudicial result as to all interested parties, no dismissal will follow. Previous practice in this state has been consistent with this standard. *Patch* v. *Squires,* 105 Vt. 405, 412–13 (1933).

Nothing has been made to appear that would make it unjust to adjudicate the interests of the parties now of record just as was done in the *Patch* case, *supra*. It is not for the appellants to raise, for their benefit, interests or concerns applicable only to Dartmouth College, particularly when they are advanced for the first time in this court.

The defendants next claim that there is no necessity to lay out a public highway over the Old Town Road No. 41.

Raeburn Baker has been a resident of and a landowner in the Town of Wheelock for twenty-five years. He is a farmer and uses the Old Town Road for pasture over which the proposed highway would be laid out.

Lucien and Jeannette Leroux have been residents of the Town of Wheelock for about twenty years. At one time Mr. and Mrs. Leroux lived in a farmhouse which was located on or near the Stannard Mountain Road. In May of 1969 they sold a portion of their farm, including their prior residence, to Alfred N. Whiting and Albert R. Jones, Jr. In March of 1970, the Leroux' moved into a home which Mr. Leroux started to build in 1969 on their remaining land. They also contemplate building two more houses on the lands now occupied by them.

It is the claim of Mr. and Mrs. Leroux that the only access to their residence is by way of the Old Town Road No. 41 route.

Their children attend public school. They are transported by bus and picked up on State Aid Road No. 1 at Town Road 41. Between this intersection and their house, there is no road passable by vehicle at all seasons of the year.

Appellants, in support of their contention that there is no need to lay out the proposed highway over the Old Town Road 41, assert that the Leroux land borders on Town Road 40 and Town Road 46. The record reveals that Town Road 40 does not go to the border of the Leroux land. The court determined that it would have to be extended approximately 874 feet to reach the Leroux property and then Leroux would have to build a way to get to his home some 1,292 feet over heavy wooded terrain at a cost of about $6,000. It would also have to cross over land of other persons to get to their property.

To arrive at Route 46 from the Leroux house it would be necessary to travel about one mile over their land. The evidence is conflicting as to whether the Leroux land borders on Town Road 46. However, the court determined that the shortest way for Mr. Leroux to arrive at an existing public highway from his house was over Old Town Road 41. It further found that this route was the most practicable and convenient means of access to their property.

Decisive findings on the issue of necessity are found in the following findings of the court:

"18. There is a need for the highway petitioned for and this need is reasonable. The children are compelled to attend school by law but without the road sought here they cannot do so.

19. Without the road ingress and egress to the lands of Lucien Leroux and his wife their house and buildings as located cannot be had. Tradesmen, doctors or other persons employing vehicles from whom necessities of life in this day and age are obtained cannot by vehicle go to and from the Leroux land from a public highway.

20. A public highway as surveyed and made a part of the commissions report is reasonably necessary. This survey sets forth the center line of a three rod highway commencing at the intersection of State Aid 1 and proceeding 5/10 of a mile over lands of Rayburn (sic) Baker to the Leroux property. This distance we find should be

laid out as a public highway instead of 3/10 of a mile as reported by the commission."

In stating the importance of public highways for the accommodation of landowners see the statement of Justice Redfield reported in *Paine* v. *Leicester*, 22 Vt. 44, 49–50 (1849).

Appellants further contend that the commissioners were in error to order the laying out of the highway without first making a finding of necessity. The mandate from the county court directed that the commission "shall inquire into the convenience and necessity of such highway." While the commissioners did not employ the words "public necessity" or "public good and convenience of individuals" in their report, by laying out the public highway they inferentially found that public necessity and convenience required such action. This claim is now of no consequence in that a determination of necessity was ultimately made by the county court.

Without burdening this opinion with additional facts as found by the court, the record clearly supports the court's judgment order. The order directed the laying out of the proposed three rod public highway 5/10 of a mile in length. It ordered the Town of Wheelock to pay to Raeburn Baker the sum of $400 damages. The court further directed that Baker was given two months from the service of the judgment order to remove fences, timber wood and trees. The Town of Wheelock was given one year to enter upon the laying out, construction and completion of the highway in accordance with the survey.

This Court must affirm the findings if there is any credible evidence so as to support the judgment, if possible. *National Grange Mutual Insurance Company* v. *Churchill, et al.*, 126 Vt. 428, 432, 234 A.2d 334 (1967).

The facts are not clear as to the nature and extent of the interest, if any, of Dartmouth College in land to be taken for the proposed highway purposes. In our quest for a prompt disposition of this litigation and to avoid any injustice, Dartmouth College should be granted an opportunity to be heard, if it so desires.

*Judgment affirmed, with costs, as to the parties of record, and cause remanded with directions that before entry of final*

*judgment notice of these proceedings shall be given by the plaintiffs forthwith to Dartmouth College of Hanover, New Hampshire, as provided by V.R.C.P. 4 and its rights, if any, be determined within sixty days from such notice by appropriate proceedings of the court, if necessary, consistent with the views herein expressed.*