ARTHUR THOMPSON'S ADMINISTRATOR v. JULIA A.
CHURCHILL'S ESTATE.

*Will and Codicil, Construction of.*

A will and codicil form one instrument and are to be construed together; thus, an
additional bequest in a codicil is subject to the conditions of a clause of sur-
vivorship in the will to the same legatee, where no repugnancy is created
by such a construction.

APPEAL from a decree of the Probate Court for the District
of Hartford. Heard by the court, December Term, 1887,
ROYCE, Ch. J., presiding. Judgment that the decree of the
Probate Court be reversed and that the legacy named in the
will and codicil be paid to May Thompson.

Maria F. Johnson was executrix of Mrs. Churchill's will and
Lewis Pratt was administrator of Arthur Thompson's estate.

The will and codicil in contention were as follows: "I
give and bequeath to my daughter Maria, the use during her
life, or if she should marry, so long as she remains unmarried,
of all my property, real and personal, she to pay all taxes,
and for suitable repairs thereof without any charges against
said property. I give and bequeath the remainder, upon the
death or marriage of said Maria, to my four grandchildren in
equal portions. The portion to which the children of my
daughter, Delia (lately deceased), shall be entitled, is to be
vested in a trustee, or trustees, to be appointed by my daugh-
ter Maria ; or, in case she fail to make such appointment, by
the Probate Court for the Hartford District, said trustee, or
trustees, to hold and use the same in entire and absolute exclu-
sion of their father for the exclusive benefit of said last-named
children, and the survivor of them. In case one of said
children of Delia should die the portion to which said child

would be entitled if not dead is to go and belong to the survivor, and in case both should die anything remaining of the portions given hereby to said children of Delia is to go to and belong to the issue of them as heirs taking by inheritance. If there should be no issue thus to take then such remainder is to go and belong to the children of said Maria in equal portions, and their respective heirs. The said Maria is authorized in her discretion to use of said property for the benefit of any of said four grandchildren as they may need, the same so used to be charged to and reckoned as part of the equal portion above named. Said Maria is authorized at any time to make or cause to be made a division of said property, upon sale or other lawful mode, among said grandchildren according to the foregoing provisions."

Codicil: " By way of codicil to the foregoing will in alteration of and in addition to the same I give and bequeath to the said children of Delia, in equal shares, my bank stock in the Woodstock National Bank, and the barn owned by me, or in lieu of said barn $300 in money, the dividends on said stock and the rent of said barn, or the interest on said $300 to be deposited in the Savings Bank in Woodstock in their separate names, for them, under the control of my daughter Maria as trustee, there to accumulate for them until they respectively become twenty-one years old, when each is to have an equal share of the same, said Maria being authorized to use any part or all of it for them, if in her judgment necessary. If said Maria should die before said children of Delia should become twenty-one years old, the said principal named in this codicil is to be equally divided between my surviving grandchildren."

The Probate Court decreed as follows :

" Now, pursuant to the provisions and terms of said will, said court decrees said real estate and household furniture and safe to the said Maria F. Johnson during her life, with remainder as is provided in said will.

" And said court further orders and decrees that said executrix do assign and transfer one-half of; to wit, ten shares of said Woodstock National Bank stock to May Thompson, one of the children of Delia Thompson, a daughter of said testatrix ; and further that said executrix do pay over to said May one-half of; to wit, $150 of said $300 fund, and one-half of; to wit, $200.775 of said residue of $401.55,

Thompson *v.* Churchill.

" Said court furthermore orders and decrees that said executrix do assign and transfer to the administrator of Arthur Thompson late of said Woodstock, deceased, the other child of said Delia, the remaining ten shares of said bank stock, the remaining half of said $300 fund, and the remaining half of said residue of $401.55 : to wit, $200.775. All the foregoing is made pursuant to the terms of said will."

May Thompson appealed, objecting to said decree as follows :

" She objects to the legacy given by said will and codicil to her brother Arthur Thompson, deceased, being decreed to the administrator on his said estate, as was done by said Probate Court, and claims that the same should have been decreed to her as is provided in said will and codicil; and further that said Probate Court erred in the construction they gave to said will and codicil, and did not follow the wishes and intentions of the said Julia A. Churchill, as the same were expressed in said will and codicil, in the decree made, making a distribution of said estate."

Arthur Thompson deceased after the death of his grandmother, Mrs. Churchill, and before the distribution of her estate.

*Norman Paul*, for the defendant.

The Probate Court, in making distribution of the estate, treated the additional legacies named in the codicil as independent, thus wholly disregarding the intent of the testatrix, as expressed in the will.

A codicil forms a part of a will; its use is generally to modify or vary its terms, and does not revoke it unless it is expressly stated that it is made for that purpose.

In Redfield on Wills, vol. 1, 288, the learned author says : " It is a clear principle of the English and American law that all codicils, however numerous, are to be regarded as parts of the will, and all, together with the will, are to be considered as one instrument."

In *Barnes* v. *Barnes*, 55 Vt. 317, Chief Justice ROYCE says : " A codicil is regarded as a part of the will; and the

will and codicil are to be construed as one instrument; and a codicil should be so construed, if it can be fairly done, as to make it harmonize with the purposes declared in the body of the will."

The same doctrine is held in Jarmon on Wills, vol. 1, p. 27, note; *Ward* v. *Ward*, 105 N. Y. 68; *Lynch* v. *Pendergast*, 61 Barb. 501; *Westcott* v. *Cady*, 5 Johns. Ch. 334; *Crowden* v. *Clowes*, 2 Ves. Jr. 449.

An additional legacy is subject to all the conditions attached to the previous legacy, unless there are express words to the contrary. *May* v. *May*, 19 Weekly Reporter, 432; 1 Jar. Wills, 354.

There are no such words in this codicil. If the will and codicil are to be construed as one instrument, it is clear that the decree of the Probate Court was wrong.

Arthur Thompson, one of the children of the testatrix' daughter Delia, having died, the legacy bequeathed to him should go to the appellant, May Thompson, as survivor by the terms of said will.

The intent of the testatrix should be followed in construing this will and codicil. *Richardson* v. *Page*, 54 Vt. 373.

*W. E. Johnson* and *French & Southgate*, for the plaintiff.

It is presumed that the decree of the Probate Court is correct unless the contrary appear. The distribution was legal.

As to the specific property named in the codicil, the bank stock and the barn, the terms of the codicil are entirely *different and inconsistent* with the terms of the will. By the will there was a general bequest to the four grandchildren of Mrs. Churchill; the portion given to the two children of Delia, deceased, was to be vested in trustees " for the exclusive benefit of the last-named children, and the survivors of them." In case one died his or her share was to go to the survivor. If both died the portion remaining was to go to their issue, or, if none, to the children of Maria. The trusteeship was to remain during the life of either or both of Delia's children.

There was no provision that at any time it was to be paid to them, and was not to be distributed until the death of the survivor.

By the codicil a portion of the property, by specific bequest —the bank stock and barn, or avails of sale of barn—was given absolutely to the children of Delia, " in equal shares." The dividends on the stock and rent of barn, or interest on avails, were " to be deposited in the savings bank in Woodstock, in their separate names, for them, under the control of my daughter, Maria, as trustee," and there to accumulate until they each become twenty-one years of age, when they were to have equal shares. The codicil recites that it was in " alteration of and in addition to" the will. The will and codicil cannot both be carried out. Either there is a perpetual trusteeship, or this property goes absolutely to the children of Delia. The property must be distributed under the codicil, as ordered by the Probate Court.

If the property was to be distributed under the terms of the will, the County Court erred in distributing it directly to May Thompson. It should be decreed to the trustee provided for by the will. Very little aid can be gained on the question by decided cases.

In England it has been held that a legacy given to A for life, with remainder over, and another legacy given to A in addition to the first legacy, the latter will be construed as an absolute gift. 1 Jar. Wills, 354.

Where legacies given by will were to be paid free from legacy duty, and the testators by codicil gave to the husband of one of the legatees, who had died, an equal legacy " instead" of the legacy to his wife, it was held by Lord ELDON that this legacy was not within the exemption. 1 Jar. Wills, 357 ; *Burrows* v. *Cottrell*, 3 Sim. 375 ; PHELPS, J., *Hibbard* v. *Hurlbut*, 10 Vt. 173.

The opinion of the court was delivered by

Ross, J. The contention is whether the survivorship clause,

in the will, between the children of the daughter, Delia, is to be applied to the additional gift to the same children made in the codicil of the will. The will and codicil form one instrument, and are to be construed together. The intention of the testatrix, as gathered from the whole instrument, is to control. At the time the will was made the daughter, Delia, had deceased. The testatrix, in making provision for her two children was careful and explicit in excluding the father of the children from participating in her bounty under any circumstances. She carefully provided that if one should die the survivor should take the portion of the deceased child, and that if both should die their share should go to their issue as heirs taking by inheritance, and if no such heirs should then exist it was to go to the other grandchildren. She placed the property in trust to accomplish these purposes. Nothing can be clearer than the intention of the testatrix to exclude the father of these children from participating; on any contingency, in the devise to the children, when the original will is considered by itself.

By the codicil the testatrix takes a portion of the estate which would have been divided among all the grandchildren by the will, and gives it in trust for the two grandchildren by the deceased daughter, Delia, until they arrive at the age of twenty-one years, and then orders it to be divided between them, with the condition that if the other daughter, Maria, should die before they arrived at the age of twenty-one years, then the portion of the estate set apart for these grandchildren by the codicil should be divided equally between the surviving grandchildren. This latter was in substance the provision of the original will. If the provision of survivorship in the original will is to apply to this additional provision for the same grandchildren in the codicil, then the clearly expressed exclusion of the father in the original will, will prevail. The son deceased before the division. If the survivorship provision of the will does not apply to the additional provision for the same legatees in the codicil, the clearly expressed exclu-

Thompson *v.* Churchill.

sion of the father in the will will be abrogated in regard to the bequest in the codicil. We do not think there can be any doubt of the intention of the testatrix to exclude the father absolutely from taking any benefit under or from the will. The intention when once ascertained from the provisions of the whole will is to prevail.

There is no repugnancy created in enforcing the expressed exclusion of the father by applying the clause of survivorship in the will to the bequest in the codicil. It is a general rule that a further bequest to a legatee or legatees, by way of codicil, if expressed to be an additional bequest, is subject to the conditions, limitations and provisions of the bequest to the same legatees in the will unless making application of the conditions, limitations and provisions of the bequest in the will to the additional bequest in the codicil will create a repugnancy in some of the provisions of the whole will, as found in the will and codicil, or will in some way contravene the manifest intention of the testator, ascertained by considering the entire provisions of the will. No such repugnancy or contravention will arise by making the application in this case, but rather the application will fully carry out the intention of the testatrix in regard to the father, and a failure to make it will defeat such manifest intention. We think that the survivorship clause in the will applies to the additional bequest in the codicil.

The judgment of the County Court is affirmed and ordered to be certified to the Probate Court.