ALEXANDER & HUTCHINSON *v.* CITY OF MONTPELIER.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 16, 1909.

*Judgment—Collateral Attack by Party Thereto—Grounds— Want of Jurisdiction—Municipal Corporations—Establishment of Street—Jurisdiction of County Court on Appeal.*

Although a judgment that is objectionable only because of irregularity in the exercise of jurisdiction cannot be collaterally impeached by a party thereto, a judgment void for want of jurisdiction may at any time be so impeached by a party thereto. *State* v. *Vernon*, 25 Vt. 244, distinguished.

The jurisdiction of the county court in laying out and establishing highways is wholly statutory.

On appeal from the action of a city council in resurveying a street and grading it and building a retaining wall on a side thereof, the county court, on determining that such wall was in the street as resurveyed by commissioners appointed by it, had no jurisdiction to order the city to move the wall.

PETITION, under P. S. 3908, to have the city of Montpelier fined for not performing an order of the county court as to making a street. Heard on the report of a referee, at the March Term, 1908, Washington County, *Hall*, J., presiding. Judgment, *pro forma*, that defendant had not performed said order, and fining it so much, to be expended in making the street as described in the report of the commissioners in the original case. The defendant excepted. The opinion states the case.

*Frederick P. Carleton* for the defendant.

The owner of land abutting on a highway has a right to lateral support of his land as against excavation for such highway, unless that right is taken by proper condemnation proceedings. *Post and Flagg* v. *Rutland R. R.*, 80 Vt. 551; *Park* v. *Seattle*, 20 L. R. A. 68; *Keating* v. *Cincinnati*, 38 Ohio St. 141; *Cincinnati* v. *Penny*, 21 Ohio St. 499; *Stearns* v. *Richmond*, 88 Va. 992; *Brown* v. *Robins*, 4 H. & N. 186; Lewis Eminent Domain §§100, 151; *Larson* v. *Metropolitan St. Ry. Co.* 110 Mo. 231; *McCullough, et al.* v. *St. Paul, Minn. & Man. Ry. Co.*, 52 Minn. 52; Elliott on Railroads, §973; Elliott on Streets, §494.

*George W. Wing* for the petitioners.

The county court having accepted the report, and the city being a party to the adjudication of the court establishing the road, and to the order of the court for making and opening it, those orders are binding upon the town, and cannot be set aside in any collateral manner. *State* v. *Vernon*, 25 Vt. 244.

It frequently happens that, in the construction or improvement of highways and railroads, excavations are made so that the soil of the adjoining owner gives away and slides into the excavation. In such cases there can be no recovery. *Rowe* v. *Omberg*, 29 Ga. 46; *Mitchell* v. *Rome*, 49 Ga. 19; *Hortsman* v. *Covington, etc. R.*, 18 B. Mon. 218; *Boothby* v. *R. R. Co.*, 51 Me. 318; *Callender* v. *Marsh*, 1 Pick. 418; *Radcliff's Exrs.* v. *Brooklyn*, 4 N. Y. 195; *Cheever* v. *Shedd*, 13 Blatch. 258; *Dearborn* v. *Boston, etc. R. Co.*, 24 N. H. 179.

ROWELL, C. J.   This is an application under what is now sec. 3908 of the Public Statutes, to fine the city of Montpelier for not performing an order of the county court as to making a highway therein called Wilder street.

The city council laid out and surveyed said street at one time, but gave the petitioners, abutting landowners and dwellers thereon, no notice of a hearing in the matter, and no record of the survey was preserved. So the petitioners applied to the council to resurvey the street and to make a record thereof, which it did, and proceeded to grade the street, and to cut it down in places, and to build a wall on the northerly side thereof as hereinafter stated. The petitioners being dissatisfied with the action of the council, appealed therefrom to the

county court, where commissioners were appointed, who resurveyed the street, and reported that a retaining wall had been built as aforesaid, and was in the street as laid out and surveyed by them, and improperly located, and should be placed further back on the bank, and onto the land of one Blanchard. The report was accepted, and the street established as surveyed by the commissioners, with the usual orders as to time, etc. After this, the city moved the wall some at the easterly end, but none of the rest of it, and it still stands within the surveyed limits of the street, and that is the nonperformance of the order complained of. The court accepted the report of the referee in this case, adjudged, *pro forma,* that the city had not performed said order, and fined it so much, to be expended in making the street according to the report of the commissioners, under the direction of a commissioner to be appointed by that court.

The city claims that the county court had no authority to order the wall to be moved out of the surveyed limits of the highway as it did, and consequently that that part of its judgment is void.

The petitioners claim that as the city was a party to the proceedings in which the judgment was rendered, it is bound thereby as long as the judgment stands, and cannot impeach it collaterally, and relies for this on *State* v. *Vernon,* 25 Vt. 244. But that case is not in point, for it did not go upon the ground of want of jurisdiction, but only, at most, of irregularity of its exercise, and therefore the judgment could not be impeached collaterally by a party thereto. But a judgment void for want of jurisdiction may be impeached by a party thereto in any way and at any time, for it is no judgment in law.

So the question is whether the court had authority to order the wall to be moved. If it had, it was statutory, for that is its only source of authority in laying out and establishing highways; and on the question here involved the statute is essentially the same as it was in 1852, when the order was made, the nonperformance of which gave rise to the case of *State* v. *Williston,* 31 Vt. 153. That was an indictment against four towns on this very statute for not building a bridge across Onion River according to the order of the county court. The commissioners recommended in their report that a bridge should be built upon a plan and in the manner therein set forth, and speci-

fied with great particularity how it should be done, the material to be used, the workmanship of its construction, and the like. The court accepted the report, established the bridge, and ordered it to be built as specified in the report.

This Court said that the duty of laying out, establishing, building, and keeping in repair, highways and bridges, is imposed upon towns through the agency of their officers, and that the sole object of the Legislature in conferring jurisdiction of the subject in certain cases on the county court is, to compel towns to discharge that duty; but that the court has no jurisdiction over the manner in which that duty shall be performed, except as to grading hills; that all that towns are required to do is, to make a highway that is safe and convenient for public travel, and such as the public necessity requires, but that the form, material, and manner of construction, are left to the judgment and discretion of the town on which the duty is imposed, the only limitation being that it shall be done so as to be safe and sufficient, and convenient for public use; that if the court had a right to control towns in this respect, they would be bound to perform their orders strictly, and if any insufficiency arose by reason of such performance, it would be unjust to make them responsible for it. It was held, therefore, that the county court had no power to order the bridge to be constructed upon the plan submitted, nor to be built in any particular manner, nor to prescribe the material nor the workmanship, and that consequently its order to that extent was void.

This case is not distinguishable from that in legal effect, and therefore it must be held that the order in question to the extent here involved is void for want of jurisdiction in the court to make it.

*Judgment reversed and judgment for the defendant to recover its costs.*