St. Albans Hospital et al. *v.* Town of Enosburg et al.

November Term, 1921.

Present:   Watson, C. J., Powers, Taylor, Miles, and Slack, JJ.

Opinion filed October 6, 1922.

*Equity—Demurrer—Final Order or Decree—Appeal—Action by Court of Its Own Motion.*

1. An order of a chancellor sustaining a demurrer to a bill in equity *pro forma*, is not a final order or decree from which an appeal can be taken under G. L. 1561.
2. Where it appears from the record that an equity case is not properly in Supreme Court, the Court will of its own motion dismiss the appeal.

BILL IN EQUITY to prevent the assessment and collection of certain taxes. Heard on the demurrer of the defendants at the March Term, 1921, Franklin County, *Stanton,* Chancellor. Demurrer sustained *pro forma.* The plaintiffs filed a motion for an appeal. *Appeal dismissed.*

*Watson & McFeeters* and *John W. Redmond* for the plaintiffs.

*F. G. Fleetwood* and *John M. Avery* for the defendants.

MILES, J.   This case comes here on appeal from the court of chancery. The bill was demurred to and the demurrer was sustained *pro forma.* Exceptions were taken by the plaintiff and allowed by the chancellor, and the case was taken to this Court on the plaintiffs' appeal.

[1, 2]   The case failing to show that the appeal was from a final decree or order upon the merits of the cause, it follows that the case is not in this Court. It is only from final decrees and orders that an appeal is allowable. G. L. 1561. This is what this Court has frequently and recently held. *Jones et al.* v. *Stearns, Admr. et al.,* 96 Vt. 138, 117 Atl. 663; *Page* v. *Page's Admr.,* 91 Vt. 188, 99 Atl. 780, and cases cited. Though the parties themselves do not raise the objection, the Court of its own motion will dismiss the appeal with costs.

*Appeal dismissed with costs.*