ST. ALBANS HOSPITAL ET AL. *v.* TOWN OF ENOSBURG ET AL.

February Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed March 1, 1923.

*Taxation—Charitable Institution—Exemption from Taxation.*

An endowed hospital, holding property in trust the income of which is devoted to receiving and caring for indigent, old, and infirm patients, without pay, and an endowed home for poor and indigent orphans received and cared for by it without pay, and to which purpose its trust funds are devoted, are charitable institutions within the meaning of the provisions of G. L. 684, which provides

NOTE:—When this case was originally argued it was assigned to Mr. Justice MILES. Upon his retirement from the bench, the case, being ordered for reargument, was assigned to Mr. Justice TAYLOR.

that "real and personal estate granted, sequestered or used for public, pious or charitable uses" are exempt from taxation, and the language in the concluding clause of G. L. 687, "But the lands or buildings exclusively used for the support of orphanages, homes or hospitals, which, without pay, receive and care for indigent, old or infirm patients or inmates shall be exempt from taxation, when such lands or buildings are located in the town in which such institutions are situated," was not intended as a restriction to the general exemption accorded to institutions holding real and personal estate granted for charitable uses as found in G. L. 684, but applies to the subject-matter contained in the first clause of G. L. 687, which relates to lands or buildings owned or kept by a religious society; hence a hospital or home, not so owned or kept, which is a charitable institution under G. L. 684, is not taxable, although owning lands or buildings outside of the town in which the institution is situated, and although such institution is supported in part by paying patients or inmates.

BILL IN EQUITY to prevent the assessment and collection of certain taxes. Heard on demurrer of the defendants at the September Term, 1922, Franklin County, *Wilson,* Chancellor. Demurrer sustained *pro forma,* and bill dismissed. The plaintiffs filed a motion for an appeal. *Reversed, demurrer overruled, and cause remanded.*

*Watson & McFeeters* and *John W. Redmond* for the plaintiff.

The hospital building of a hospital whose object is charity, and the money from whose pay patients is applied exclusively to its charitable purposes, is used for "purposes purely charitable," under a constitutional provision exempting such property from taxation. *Yale University* v. *New Haven,* 71 Conn. 316, 43 L. R. A. 490; *Willard* v. *Pike,* 59 Vt. 202; *Scott* v. *St. Johnsbury Academy,* 86 Vt. 172; *State* v. *Powers,* 74 Mo. 476; *People* v. *Purdy,* 58 Hun. (N. Y.) 386; Note to *Ingleside Association* v. *Nation,* 29 L. R. A. (N. S.) 190; *Dayton* v. *Trustees,* L. R. A. 1917B, 779, and note.

*F. G. Fleetwood* and *John M. Avery* for the defendants.

Where a charter is granted so as to be subject to legislative control, a grant of a tax exemption therein may be repealed as well as any other of its charter rights. *Tomlinson* v. *Jessup,* 15 Wall. 454, 21 L. ed. 204; *Pratt Institute* v. *City of New York,* 183 N. Y. 151; *Citizens Savings Bank* v. *Owensboro,* 173 U. S. 636, 43 L. ed. 840; *Commonwealth* v. *Fayette Co. R. R.,* 55 Pa. St. 452; *Grand Lodge of the State of Louisiana* v. *New Orleans,* 166 U. S. 143, 41 L. ed. 951. See also *Herrick* v. *Randolph,* 13 Vt. 525.

TAYLOR, J. This is an action in chancery. The amended bill of complaint is met by a demurrer. From the chancellor's order sustaining the demurrer an ineffectual appeal was taken to this Court. See 96 Vt. 152, 118 Atl. 484. After the dismissal of the former appeal the cause again came on for hearing and there was a *pro forma* decree sustaining the demurrer and dismissing the bill with costs to the defendants. The cause is now here on the plaintiffs' appeal from this decree. The plaintiffs are corporations organized under the laws of this State, each having its principal office, buildings, and place of business in the city of St. Albans. They bring this bill for their own separate benefit and for the benefit of any other charitable institution having like characteristics, liabilities, and immunities that may desire to become a party plaintiff.

The bill alleges in substance that each of the plaintiffs is a charitable institution in contemplation of law and as such is by law exempt from taxation; that each is an endowed institution holding its property through the agency of trustees to whom such property has been donated, devised, or otherwise granted in trust for its charitable uses and support; that the plaintiff hospital devotes the income from all of its trust property to receiving and caring for indigent, old and infirm patients without pay; that the plaintiff home is a home for poor and indigent children and orphans received and cared for by it without pay and devotes the income from its trust property to this charitable purpose; that each of the plaintiffs owns in trust real and personal estate in the several defendant municipalities, all of which is exclusively used and devoted to its maintenance and support and to the charitable uses and purposes for which it was created and endowed; that the income from endowments and from the real and

personal estate held in trust by each of the plaintiffs is insufficient for its maintenance, and large sums have to be raised each year in addition thereto for its support, a portion of which is paid by patients or inmates of the institution; that the several defendants wrongfully and without authority of law have assessed taxes against each of the plaintiffs upon property situated within their respective municipalities for the years, 1918, 1919, and 1920; that such taxes have not been paid because claimed to be unlawful and discriminatory; that these assessments represent a large sum of money, the collection of which would greatly hamper the plaintiffs in their charitable work if it did not compel them to suspend; that each of the defendants is threatening legal proceedings for the collection of such taxes, thereby subjecting the plaintiffs to a multiplicity of suits and repeated costs of defense; that the plaintiffs have no several adequate remedies at law and will suffer irreparable injury if the defendants are not restrained.

Three grounds of demurrer were assigned; but no question of equitable jurisdiction is insisted upon, which leaves for consideration points raised by the second ground of demurrer only. The defendants rely upon the claims (1) that on the facts alleged the plaintiffs are not charitable institutions within the meaning of G. L. 687; and (2) that, if they are, their lands and buildings situated outside the city of St. Albans are not exempt from taxation. By G. L. 684, subd. VI, real and personal estate granted, sequestered or used for public, pious or charitable uses is exempted from taxation. It is in effect conceded that the plaintiffs by their allegations bring themselves within the provisions of this section unless they are affected by the restrictions contained in G. L. 687. So far as at present material, the latter section provides: "The exemption from taxation of real and personal estate granted, sequestered or used for public, pious or charitable uses shall not be construed as exempting lands or buildings owned or kept by a religious society, other than a church edifice, a parsonage and the outbuildings of such church edifice or parsonage, a building used as a convent or school, orphanage, home or hospital, lands adjacent to such edifice, parsonage, convent or school, orphanage, home and hospital kept and used as a lawn, playground or garden, and the so-called glebe lands; * * * * but the lands or buildings exclusively used for the support of orphan-

ages, homes or hospitals which, without pay, receive and care for
indigent, old or infirm patients or inmates shall be exempt from
taxation, when such lands or buildings are located in the town
in which such institutions are situated.'' The defendants as-
sume·that the exemption from taxation of all homes and hospitals
is restricted by this section and therefrom argue that only such
institutions as receive and care for indigent, old or infirm pa-
tients or inmates without pay would in any event be entitled to
the exemption.  The plaintiffs claim that G. L. 687 relates only
to homes and hospitals owned or occupied by religious societies.
It will be seen that the fact that the plaintiffs are supported in
part by paying patients or inmates becomes unimportant if their
contention should be sustained.  Manifestly on the facts alleged
the plaintiffs are entitled to exemption under G. L. 684, the re-
strictive section aside, it being made to appear that the property
sought to be taxed was ''granted'' and is being used for charit-
able uses.  It follows that we may pass over .the first question
argued and come at once to consider the scope and effect of G. L.
687 so far as it relates to the case in hand.

As said, the defendants assume without discussion that the
concluding clause of the section ''but the lands or buildings ex-
clusively used for the support of orphanages, homes, asylums or
hospitals, etc., shall be exempt,'' etc., is intended as a restriction
of the general exemption accorded to institutions holding real
and personal estate granted for charitable uses.  It will be
noticed that this clause of the section does not in terms restrict
exemptions and if it has the force claimed by the defendants it
is only by implication.  A proper understanding of the whole
section can be had only by having in mind that it was intended
as a limitation of exemptions previously granted.  From a very
early day real and personal estate granted, sequestered or used
for public, pious or charitable uses has been exempted from taxa-
tion.  For the history of this general exemption reference may
be had to the annotation of G. L. 684, subd. VI.  The section in
question had its origin in No. 81, Acts of 1880, which provided
in effect only that what is now G. L. 684, subd. VI, should not be
construed as exempting the property of a railroad corporation.
This act was apparently passed in connection with other acts
relating to the taxation of railroad property for the purpose of
removing possible doubt respecting the character of such prop-

erty.    The language of the act was unchanged in the revision of
1880 and became V. S. 364 in the revision of 1896.    The first
legislation touching the exempting of property devoted to pious
or charitable uses was enacted in 1904.    The bill originated in
the House and was entitled, ''An act in amendment of section
364 of the Vermont Statutes relating to the exemption of church
property.''    As introduced the bill read: ''The exemption from
taxation of 'real and personal estate granted, sequestered or used
for public, pious or charitable uses' shall not be construed as ex-
empting any other lands or buildings owned or occupied by any
religious society, other than a church edifice and a parsonage
and the out-buildings of such church edifice and parsonage, or a
building used as a convent or school, the grounds adjacent to
such church edifice, parsonage, convent or school kept and used
as a lawn or garden, and the so-called glebe lands; nor shall it
be construed as exempting from taxation the property of rail-
road corporations.''    On the recommendation of the committee
to which the bill was referred the bill was amended by inserting
the word ''playground'' after the word ''lawn,'' and by adding
to the section, ''but the lands or buildings exclusively used for
the support of orphanages, homes, asylums or hospitals, which
receive and care for, without pay, indigent, old or infirm patients
or inmates, shall be exempt from taxation.''    The Senate pro-
posed an amendment that would have extended the restrictions
of the section to all public or charitable institutions, as well as to
those maintained by religious societies, and would have limited
their exemption to some extent, but the House refused to concur,
and on the recommendation of a committee of conference the
Senate receded from its proposal.    The restrictive section be-
came No. 25, Acts of 1904.

The history of this legislation as disclosed in the House and
Senate Journals of the session clearly shows that the purpose of
the Legislature was that stated in the title of the act.    Homes
and hospitals not maintained by religious societies were left un-
touched by the amendment.    It is equally clear that the clause
placed at the end of the section by the House amendment had the
force of a proviso.    Though separated from its context by its
position, it was evidently intended as a provision relating to the
subject-matter of the bill, *viz.*, the exemption of church property.
Without the proviso, all lands and buildings owned or kept by

religious societies and used for or in the support of orphanages, homes, asylums or hospitals would have been subject to taxation. Such charitable institutions otherwise maintained needed no saving clause to preserve the exemption, for the restricting provision of the section did not extend to them.   No. 25, Acts of 1904, appears without material change in the revision of 1906 as P. S. 498.   As the matter then stood the exemption of real and personal estate granted, sequestered or used for public, pious or charitable uses was restricted by excluding therefrom the property of railroad corporations and the lands and buildings owned or kept by religious societies except certain specified properties which included "lands or buildings exclusively used for the support of orphanages, homes, asylums or hospitals" of a strictly charitable character.

Subsequent amendments do not change the force of the clause at the end of the section, though its scope has been somewhat modified.   By the amendment of 1910 (No. 32, Acts of 1910), the restrictive provision of the section was extended to municipal electric light plants, and again in 1917 (No. 39, Acts of 1917), to certain property held by the State.   The only amendment affecting homes and hospitals is found in No. 40, Acts of 1917.   We quote the title in full for its bearing on the intention of the act: "An act to amend section 498 of the Public Statutes, as amended by No. 32 of the Acts of 1910, relating to restrictions on exemptions from taxation: excluding from such taxation orphanages, homes, and hospitals."   The amendment inserted "orphanage, home or hospital" after "convent or school" in that part of the section restricting the exemption of lands or buildings owned or kept by a religious society.   The effect of this change was to extend exemption from taxation to buildings owned or kept by a religious society and used as an orphanage, home or hospital, and adjacent lands used as a lawn, playground or garden; in other words, to exclude such property from taxation, agreeably to the purpose of the act declared in its title.   The amendment also added to the clause at the end of the section, "when such lands or buildings are located in the town in which such institutions are situated."   The effect of the latter change was to narrow the scope of the proviso, as before the provision extended to all of the lands or buildings exclusively used for the support of the orphanages, homes or hos-

pitals therein referred to; but the character of the provision was unchanged. It is not readily conceivable that the Legislature intended by this amendment to reverse the settled policy of the State of more than a century's duration respecting the taxation of property devoted to charitable uses and by implication merely provide for the taxation of such property. If such had been its intention, more appropriate language to effect the change would naturally have been employed. Besides, if such was the intention of the promoters of the bill, its title was obviously misleading. It is more reasonable to infer that the proviso was still intended to relate to the subject-matter contained in the first clause of the section, *viz.*, to lands or buildings owned or kept by a religious society. In the bill under consideration the Legislature was still dealing with exemptions in favor of such societies. Having in the first clause of the section extended the exemption to buildings and adjacent land owned or kept by such societies and used as orphanages, homes or hospitals, it accomplished the purpose intended by confining the exemptions of lands or building "used for the support" of such institutions to such lands or buildings as are located in the town in which the institutions are situated. It will be noticed that the act makes a distinction between buildings and adjacent land *used* as an orphanage, home or hospital and lands or buildings *used for the support* of such institutions.

It follows that the plaintiffs' right of exemption from taxation is unaffected by G. L. 687 and that it was error to sustain the demurrer. This disposition of the question renders it unnecessary to consider other questions argued.

*Decree reversed, demurrer to the bill overruled and cause remanded.*