## JOHNSON v. UNITED STATES.

District Court, N. D. Texas, San Angelo Division.

Oct. 19, 1934.

Collins, Jackson & Snodgrass, of San Angelo, Tex., for plaintiff.

Clyde O. Eastus, U. S. Atty., and Frank Potter, Asst. U. S. Atty., both of Fort Worth, Tex.

ATWELL, District Judge.

Willis Johnson, a public spirited pioneer and successful cattleman of West Texas, died some years ago at San Angelo. His widow, the plaintiff, in honoring his memory, and to benefit the community in which he resided, set aside a trust fund of an hundred thousand dollars, the proceeds of which were to be used by a certain board, for "either civic, charitable, or benevolent" purposes. The trustee accepted, and out of the earnings of the funds, the Board, which was also provided for in the trust, erected across the Concho river, near the center of the city, a reinforced concrete dam, which has impounded the waters of that stream. The last payments of the moneys into this trust were made in the year 1930, but the internal revenue officials would not allow her to deduct from her earnings such payment, and this suit is to recover so much of the tax as was paid on that payment.

The deduction is claimed by the plaintiff under subdivision (n) of section 23 of the Revenue Act of 1928, 26 USCA § 2023 (n). Paragraph 1 of that subdivision provides that, "in the case of an individual, contributions or gifts made within the taxable year to or for the use of: (1) the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, for exclusively public purposes" may be deducted. The city of San Angelo is a political subdivision of the state of Texas. The language of the act would seem to justify deductions for civic purposes. The heading of this particular subdivision (n) is "Charitable and Other Contributions." The language itself, it will be noted, is "for exclusively public purposes."

The instrument creating the trust seems to be irrevocable. It is a perpetual fund and re-

quires that it shall be maintained intact, and that only the net income shall be used annually for the purposes indicated. The trustee accepted, as did the Board, both of whom serve without pay. The land which embraces the dam is owned by the city. So far as the court is able to see, the perpetuity is one which is not inhibited by the law, but one which is favored and fostered thereby.

It is contended by the taxing authorities that there will be an incidental benefit to the donor since she resides in San Angelo. It is also suggested that the gift may not be entirely charitable or civic in its nature.

 That the resident of the city receives an indirect incidental benefit from a gift made thereto for the benefit of the public is no legal reason why it should be declared illegal within the meaning of the provision that we are studying. Every public benefaction is an asset, either spiritual or material, for the entire community, but that should not condemn such laudable efforts.

The facts exhibited by stipulation and testimony show that the waters of one of the Conchos near the center of the town have been imprisoned in an attractive, healthful manner, with safety overflows and sluces when abnormal quantities of water flow. Trees, shrubbery, and kept terraces clothe either bank. Two picturesque concrete bridges span the river above the dam. The water is clear and rests upon a hard, clean bottom. Water may not be water in Holland, or Venice, or Hong Kong, or Rio de Janerio, but in West Texas, where the Conchos bless, water is running life, limpid jewels—beyond value. In this water the public swims and fishes. On it the public boats. Near it the public walks, and laughs, and loves.

I think we would have to engage in very fine reasoning to proscribe a gift which created a place of beauty where men and women and children may play and find health and dream and fish and wade and swim.

It seems to me that the harvest of this trust fund is not only civic, but very near to being charitable and benevolent. Markle v. Commissioner of Internal Revenue, 28 B. T. A. 201, May 31, 1933; Gossett v. Swinney (C. C. A.) 53 F.(2d) 772; St. Louis Union Trust Co. v. Burnet (C. C. A.) 59 F.(2d) 922; Eagan v. Commissioner (C. C. A.) 43 F.(2d) 881, 71 A. L. R. 863; Gimbel v. Commissioner (C. C. A.) 54 F.(2d) 780; Bok v. McCaughn (C. C. A.) 42 F.(2d) 616; James McCord Co. v. Citizens' Hotel (Tex. Civ. App.) 287 S. W. 906; Boyce v. Sumner, 97 Vt. 473, 124 A. 853. In re Wilson's Estate, 111 Wash. 491, 191 P. 615; Rhode Island Hospital Trust v. Benedict, 41 R. I. 143, 103 A. 146.

I think the motion of the plaintiff for judgment should be granted.